AES:LKG/AS
F. #2020R0291

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 09 2020   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

GREGORY ALTIERI,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. **CR 20 249**
(T. 18, U.S.C., §§ 981(a)(1)(C), 1343
and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

**COGAN, J**

**BLOOM, M.J.**

THE GRAND JURY CHARGES:

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendant and Relevant Entity

        1.    The defendant GREGORY ALTIERI was a resident of Melville, New York. ALTIERI was the president of LNA Associates, a company that was engaged in the wholesale purchase and resale of jewelry, among other things. LNA Associates was located in Melville, New York.

II.    The Fraudulent Scheme

        2.    Beginning in or about August 2017, and continuing to in or about October 2019, the defendant GREGORY ALTIERI fraudulently persuaded more than 80 individuals and entities located in, among other places, Queens, Staten Island and Long Island, New York, to make investments totaling between approximately $75 million and $85 million dollars in LNA Associates (the "Investors"). ALTIERI fraudulently told the Investors, some of whom were current or retired police officers and firefighters, that LNA

Associates generated profits by purchasing jewelry in bulk at "closeout" prices and then reselling that jewelry at higher prices, and promised the Investors that their investments would be used only for this purpose.

3. The Investors gave the defendant GREGORY ALTIERI money for their investments in LNA Associates through direct account-to-account transfers, wire transfers, checks and cash, some of which ALTIERI deposited into banks located in Queens, New York, and some of which traveled in interstate commerce. ALTIERI communicated with the Investors through in-person meetings and by telephone, among other ways.

4. The defendant GREGORY ALTIERI provided the Investors with "jewelry lot sheets" that he created, which purported to identify specific jewelry purchases made by LNA Associates and the dates by which the Investors would receive a certain return on their investments. Initially, ALTIERI promised the Investors that they would receive, within approximately 90 to 150 days, a 30% return on their investments in LNA Associates. By in or about May 2018, ALTIERI promised the Investors that they would receive, within approximately 90 to 150 days, a 50% to 70% return on their investments.

5. Beginning in or about May 2018, much of the information that the defendant GREGORY ALTIERI included in the "jewelry lot sheets" was false, as were many of the statements that he made to Investors about the operation of LNA Associates and the status of their investments. ALTIERI did not invest all of the Investors' money in jewelry purchases by LNA Associates, as he had promised. In fact, most of the jewelry purchases that ALTIERI claimed were made by LNA Associates were never made at all. In addition, LNA Associates did not generate the profits that ALTIERI claimed, and most of the money

paid by ALTIERI to certain Investors as a "return" on their investments did not represent profits from purchases and sales of jewelry.

6. Instead, the defendant GREGORY ALTIERI used money from some Investors to pay other Investors. ALTIERI falsely told certain Investors who received payments that such money represented returns on the investments they had made. In furtherance of this scheme, ALTIERI convinced certain Investors to "roll over" their original investments into new investments based on promises that those new investments would be used for additional jewelry purchases by LNA Associates. In reality, those jewelry purchases were not made.

7. In or about January 2020, the defendant GREGORY ALTIERI stopped paying Investors. At that time, based on ALTIERI's representations to Investors about the value of their investments, including representations made about the "roll over" investments, ALTIERI owed the Investors a total of approximately $200 million.

8. On or about January 28, 2020, the defendant GREGORY ALTIERI purported to pay approximately $74 million to the Investors by issuing individual checks to the Investors totaling that amount. However, because ALTIERI and LNA Associates did not have sufficient funds, the checks did not clear, and none of the Investors received any money. ALTIERI nevertheless stated to Investors that he expected to have sufficient funds in the near future to pay the amounts owed to them.

9. The defendant GREGORY ALTIERI subsequently issued multiple confessions of judgments to various Investors. On or about May 1, 2020, some of the Investors filed a petition forcing ALTIERI and LNA Associates into an involuntary bankruptcy proceeding, and additional Investors have subsequently joined that case.

## WIRE FRAUD

10. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between May 2018 and January 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GREGORY ALTIERI did knowingly and intentionally devise a scheme and artifice to defraud Investors in LNA Associates, and to obtain money and property from the Investors, by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writing, signs, signals, pictures and sounds, to wit: ALTIERI (a) made, and caused to be made, a series of misrepresentations through telephone communications regarding investments in LNA Associates, including, but not limited to, misrepresentations about the use of investment funds, jewelry purchases by LNA Associates, the rate of Investors' return on their investments and the source of funds repaid to certain Investors; and (b) as a result of the misrepresentations, caused a series of wires to be sent by financial institutions within the United States.

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

12. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property,

real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F.#: 2020R0291

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

GREGORY ALTIERI,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C),1343, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C. § 2461(c))

*A true bill.*

_____
*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
*Clerk*

Bail, $ _____

*Andrey Spektor and Lindsay K. Gerdes, Assistant U.S. Attorneys (718) 254-6700*